UNITED STATES, Appellee

v

WILLIAM SLEDGE, Corporal,
U. S. Army, Appellant

6 USCMA 567, 20 CMR 283

No. 6878

Decided December 21, 1955

*First Lieutenant Bert M. Gross* argued the cause for Appellant, Accused. With him on the brief was *Major Edwin Doran.*

*Lieutenant Colonel Robert M. Murray* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Edward S. Nelson.*

ROBERT E. QUINN, Chief Judge:

The accused was convicted of possession of narcotics, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. His conviction and sentence, which includes a dishonorable discharge, were affirmed by intermediate appellate authorities. We granted review to consider whether the law officer committed prejudicial error by admitting into evidence a pretrial statement by a prosecution witness who testified in person at the trial.

On October 29, 1954, agents of the Criminal Investigation Detachment searched the accused's room and seized certain articles of clothing. In some of the latter was found a tobacco-like substance which, when chemically analyzed, was determined to contain marihuana.

At the trial, a Sergeant L. Toler testified for the prosecution. On direct examination, he stated that on October 18 he asked the accused if he could obtain some marihuana, and the accused indicated that he could. The next day the accused appeared at Toler's home. He showed Toler a tobacco tin containing about one and one-half inches of an undescribed substance. After some bargaining over the price, Toler gave the accused eight dollars ($8.00) for the tin. Later, he smoked the contents and received "a little boost" in the smoking. On redirect examination, the witness identified a written statement made by him on October 28. In this statement he gave the same account of his purchase from the accused. The statement was offered in evidence by trial counsel "to show a prior consistent statement of the accused [sic] [witness] prior to the date of the alleged bias which has been brought in issue by questions of the military defense counsel." Over defense counsel's objection, the law officer admitted the statement. The accused now contends that this ruling substantially prejudiced him in his defense.

Prior consistent statements by a witness which corroborate his ▆▆▆▆ ▆ trial testimony are ordinarily inadmissible. Manual for Courts-Martial, United States, 1951, paragraph 153a. However, certain well-defined exceptions exist. In United States v Kellum, 1 USCMA 482, 485, 4 CMR 74, we classified them as follows:

"There are, however, instances where exceptions to the general rule are recognized. Some of these are: (1) Where the testimony of the witness is assailed as a recent fabrication; (2) where the witness has been impeached by prior inconsistent statements; and (3) where the witness' testimony is discredited by an imputation of bias, prejudice, or motive to testify falsely arising after the date of the prior statement."

Our problem then is to determine whether Sergeant Toler's statement falls within the general rule, or within one of the exceptions.

When Sergeant Toler testified about his purchase from the accused, the law officer interrupted to determine if he was aware of the privilege against self-incrimination. The witness indicated that he understood his rights. In an apparent effort to explain Sergeant Toler's voluntary waiver of the privilege, trial counsel questioned him, at the end of the direct examination, in regard to a court-martial proceeding. Toler testified that on October 28 he was picked up for the possession of narcotics. Charges were "pressed" by his commanding officer and on December 14 he was tried by court-martial. The day before the trial, he and his civilian counsel had a conference with a Lieutenant Parker. At that conference, Toler "explained . . . that . . . [he] would plead guilty." He was told that the convening authority would suspend the sentence imposed by the court-martial and he "would therefore be able to testify as a witness in the trial against Corporal Sledge." However, Toler maintained that he made no actual agreement to testify. He contended, "just because I got the agreement that don't have anything to do with me testifying."

On cross-examination the accused's

counsel elicited from Toler the following testimony: (1) That when he was apprehended on October 28, he was told that he would be court-martialed; (2) that he knew he was guilty of the possession of narcotics; (3) that he had been advised that the maximum penalty for the offense included five years' confinement; (4) that after his conviction on December 14, he remained in the stockade for only one week; and (5) that he still had the rank of sergeant but he was "waiting on a correspondence" from the Sixth Army which would result in his being "busted."

The clear purpose behind defense counsel's questioning was to impute to Sergeant Toler a motive to testify falsely. The scope and the effect of this questioning, therefore, is altogether different from that of the prosecution. Consequently, this is not a case in which the prosecution has attempted to impeach its own witness as a subterfuge for the introduction of an antecedent corroborative statement. The attempt to discredit Toler's testimony originated with the defense. Because of this attempt, the prosecution could properly rehabilitate the witness by means of a prior consistent statement. The law officer's ruling admitting Sergeant Toler's statement was correct.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.